UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA DIANE CARMICHAEL,<br><br>Plaintiff,<br><br>v.<br><br>AMY OWENS, et al.,<br><br>Defendants. | No. 2:21–cv–740–JAM–KJN PS<br><br><u>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS</u><br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requested leave to proceed in forma pauperis ("IFP").[1] See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). Plaintiff's affidavit makes the required showing, and so plaintiff's request to proceed IFP is granted.

The determination a plaintiff may proceed in forma pauperis does not complete the required inquiry. Under Section 1915, the court must dismiss the case if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Further, federal courts have an independent duty to assess federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

**Analysis**

Here, plaintiff's complaint alleges claims under 42 U.S.C. Section 1983 for violation of her 14th Amendment due process rights, as well as a claim under 18 U.S.C. Section 1001, as against defendant Amy Owens and Donald Bradley, private attorneys, and Capitol One Bank. (ECF No. 1 at 2.) As best the court can tell, plaintiff argues defendants denied her rights related to a settlement, though it is unclear how. Plaintiff seeks "$5,000 each year advertised, plus $50,000." (Id. at 6.)

Plaintiff's complaint fails to state a claim for several reasons. First, although plaintiff asserts a federal claim under 42 U.S.C. Section 1983, such a claim generally does not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). Defendants appear to be two private attorneys and a private corporation, and so the 1983 claim should be dismissed for failure to state a claim. See Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015) "([A] bare claim of state action does not withstand a Rule 12(b)(6) motion."). Further, to the extent the complaint raises claims for false statements under 18 U.S.C. Section 1001, plaintiff, as a private citizen, has no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes), see also Dowdell v. Sacramento Hous. & Redevelopment Agency, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (no private right of action under 18 U.S.C. § 1001).

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carm.740